# FEDERAL OPINIONS

## No. 777

OHIO FUEL SUPPLY CO. et v. PAXTON et

Dist. Court, South. Div. of East. Dist. of Ohio

No. 266. Decided Sept. 25, 1924

1159. TAXES AND ASSESSMENTS—1. Under 12075 GC. the failure of a taxpayer to bring suit to enjoin an illegal levy does not estop him to maintain a suit to enjoin the collection of the tax.

2. Silence on part of taxpayer whose property is about to be taxed or assessed will not estop him from resisting collection by all legal and equitable remedies if such tax is levied without authority of law or under an unconstitutional enactment.

SATER, D. J.

The Tax Commission fixed a tentative valuation on the Ohio Fuel Supply Company's property, exclusive of real estate not used in their operations. Two reductions were allowed on as many hearings after which the Commission refused to modify its conclusion on the value as then fixed. The Company protested against the valuation on the ground that it was excessive and discriminatory.

Action was instituted in the district court, against the treasurer of Wayne County and the plaintiff does not ask to be relieved from payment of taxes justly chargeable, but only those in excess which were imposed in violation of constitution provisions.

The defendant claimed that if temporary injunction against the collection of so much of the taxes as are wrongfully charged be made permanent, municipalities and boards within the county would not be able to meet their financial obligations in that amount which the company would suffer should it be required to pay the tax. Lack of diligence was also averred on part of the company in asserting its rights and pursuing its remedy. It was also charged that the company instead of enjoining the collection of the excessive taxes should have enjoined the levy of the same, and that by reason of its silence and inaction it is guilty of laches and estopped from obtaining equitable relief.

The District Court held:

1. The question for decision is:—must a party, under circumstances disclosed in this case, who knows or has reasonable cause to believe his property is excessively valued for taxation and is about to be illegally assessed, enjoin the levy, and, if he fails to do so, does he thereby lose his right to enjoin the collection of taxes illegally charged against the property?

2. Under 12075 GC. a taxpayer may elect either to enjoin an illegal tax levy or the collection of such tax. He may not, however, do both.

3. The owner of lands within an assessment district, defined in an unconstitutional act for the improvement of a public highway, not having promoted the making of the improvement, may enjoin the collection of an assessment to pay for such improvement in a suit for that purpose begun when an attempt is made to enforce the assessment. He is not required to begin such suit at an earlier day, though he may know of the improvement and of the intention to make the assessment. Columbus v. Agler, 44 OS. 485. followed.

4. Mere silence or forbearance on part of one whose property is about to be taxed or assessed, even if the result accruing from the tax or assessment will operate beneficially to him, will not estop him from resisting collection by all legal and equitable remedies, if such tax be levied or assessment imposed without authority of law or under an unconstitutional enactment unless, the improvement which gives rise to the tax is made on his premises.

5. The Ohio Fuel Supply Company is not estopped to maintain its action. An order may be taken accordingly.

Attorneys—Eagleson & Laylin, Columbus, for Company; Joseph O. Fritz, Pros. Atty., Wooster, for defendant Russell.